# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MATTHEW JAMES RAZMUS

                    Plaintiff,

v.

KENT COUNTY and KENT COUNTY
DEPUTIES JACOB VICKERY and
ANTHONY YSQUIERDO, in their
individual capacities,

                    Defendants.

Hon.

Case No.2:20-cv-11252

---

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
**Attorney for Plaintiff**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 771-5785
kirstie@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having  been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

---

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

1

NOW COME the Plaintiff, Matthew James Razmus, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## **INTRODUCTION**

1.     This is an action for damages and declaratory relief to remedy Defendants' violations of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act.

2.     Plaintiff Matthew James Razmus is a 38-year-old man with who was handcuffed with mechanical restraints by Kent County Sheriff's Department deputies, Defendants Vickery and Ysquierdo, on July 27, 2019, after Plaintiff having recently undergone surgery with implementation of hardware and while wearing a highly visible splint on his right hand/wrist.

3.     The use of handcuffs on persons with disabilities is contrary to guidance on the use of restraint against a person with an obvious or known physical disability that cannot be handcuffed in a traditional manner.

4.     At no time did Plaintiff Razmus pose an imminent danger of physical harm to himself or anyone else that would have necessitated the Kent County deputies handcuffing of him.

5.     As a result of being subjected to unwarranted restraint and handcuffing, Plaintiff Razmus has suffered fear, anxiety, emotional trauma, and an exacerbation of his disability, including acquiring an infection and requiring revision surgery.

6.     Kent County has the responsibility for establishing and implementing policies, practices, supervision and training to ensure that Kent County Sheriff's Department officers, such as Officers Vickery and Ysquierdo, respect the rights of persons with disabilities, particularly when using force and restraint and making reasonable accommodations to persons with physical disabilities.

7.     Plaintiff Razmus seeks declaratory relief establishing that Defendants have violated his Constitutional and civil rights under the Fourth Amendment to the U.S. Constitution, Title II of the ADA, and Section 504 of the Rehabilitation Act, as well as damages for the pain, suffering, and trauma he suffered as a result of Defendants' unconstitutional and illegal conduct, as well as reasonable attorneys' fees and costs incurred in bringing this action.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the federal claims raised this action pursuant to 28 U.S.C. §§ 1331 and 1343

9.     Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983, Title II of the ADA, 42 U.S.C § 12132 *et seq.*, and Section

504 of the Rehabilitation Act.  Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

10.     This Court has jurisdiction to issue declarator, and other relief under 28 U.S.C. §§ 2201 and 2202.

11.     Venue is proper in the Western District of Michigan, Southern Division pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Township of Alpine, Kent County, Michigan.

## PARTIES

12.     Plaintiff Matthew Razmus is 38-year-old man and a resident of the County of Kent, state of Michigan.

13.     Defendant Kent County is a local public entity organized under the laws of the State of Michigan which operates, manages, and controls the Kent County Sheriff's Department.

14.     Defendant Jacob Vickery, sued in his individual capacity, is a deputy employed by the Kent County Sheriff's Office and, by all information and belief, resides in the County of Kent, State of Michigan.

15.     Defendant Anthony Ysquierdo, sued in his individual capacity, is a deputy employed by the Kent County Sheriff's Office and, by all information and belief, resides in the County of Ottawa, State of Michigan.

4

## FACTS

16.     On or about July 10, 2019, Plaintiff injured his right hand in a sports activity, requiring him to have surgery and metal hardware placed in his hand.

17.     On July 27, 2019, Plaintiff was walking down the street in Alpine Township, Michigan, when his girlfriend followed him and engaged him in a verbal, non-physical, confrontation.  A resident in the area called the Kent County Sheriff's Department, who responded to the scene.

18.     Defendant Vickery spoke to Plaintiff. It was determined that no assault had occurred, and his girlfriend apologized for causing a scene.

19.     Kent County Sheriff's Department officers determined that there was an outstanding warrant for Plaintiff for a retail fraud issue, wherein Defendant Vickery and Ysquierdo told Plaintiff he was under arrest.

20.     As Plaintiff had just undergone surgery and was wearing a highly visible splint to immobilize his arm, Plaintiff requested that Defendant Vickery and Ysquierdo refrain from handcuffing him. Defendants nevertheless placed Plaintiff in mechanical restraints, which were double locked tightly, causing the recently implanted hardware in his hand and wrist to tear Plaintiff's flesh and become displaced from its original setting. He was then placed in the cruiser and transported to Kent County Jail to be lodged.

21.     Plaintiff continued to complain of pain in his injured hand/wrist, and upon release from Kent County Jail on July 30, 3019, immediately went to Spectrum Hospital emergency room.   He was diagnosed with a MRSA infection and misplacement of the hardware placed during his initial surgery.  Plaintiff underwent a second surgery to replace the hardware in his hand and debridement of the infection tissue in his right hand.

22.     Plaintiff did not obstruct justice or refuse to be taken into custody.  Not only was he wearing a visible splint on his right wrist, he also made Defendants aware of his disability prior to being restrained and requested accommodation.  He immediately complained of pain in his hand/wrist while the Defendant deputies were trying to place handcuffs and thereafter.

23.     Plaintiff experienced significant physical, emotional suffering, psychological injury, and trauma during and after the July 27, 2019, handcuffing. He continues to experience fear, distrust, and anxiety regarding law enforcement officers.

## CLAIMS FOR RELIEF

### COUNT I –CONSTITUTIONAL CLAIMS
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
### *(Against Defendants Ysquierdo & Vickery)*

24.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

25.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

26.     The Fourth Amendment of the U.S. Constitution protected Plaintiff from excessive force.  The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

27.     Deputy Defendants Vickery and Ysquierdo are "persons," as defined under 42 U.S.C. § 1983, and as agents of Kent County and the Kent County Sheriff's Department, were acting under the color of state law at all times relevant to this action.

28.     By engaging in the above described acts, Deputy Ysquierdo and Deputy Vickery, acting under color of law and with deliberate indifference, violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

29.     Plaintiff's right to be free from excessive force as described herein was clearly established at the time Deputy Ysquierdo and Deputy Vickery handcuffed him.

30.     Deputy Ysquierdo and Deputy Vickery acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

31.     As a proximate result of Defendants' actions and inactions, Plaintiff suffered and continues to suffer emotional suffering, psychological injury, and trauma.  Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers.

32.     Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT II – *MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. §1983
### *(Against Kent County)*

33.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

34.     Plaintiff has been subjected to a deprivation of his constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

35.     The foregoing rights were clearly established at the time of the violations.

36.     The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by Kent County, acting under the color of its statutory and legal authority, including but not limited to:

      a.  Directing discriminatory and belittling actions toward persons with disabilities;

b. Implementing a policy and practice of imposing unnecessary mechanical restraints such as handcuffs on persons with disabilities;

c. On information and belief, failing to train adequately its officers including appropriate interactions with persons with disabilities proper procedures and preparation regarding handcuffing and handcuffing safety; and

d. Failing, amounting to a refusal, to discipline its officers for engaging in discriminatory and belittling actions toward persons with disabilities.

37.   These customs, policies, and practices of the Kent County Sheriff's Department, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by the individual Defendants upon the Plaintiff.

38.   This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiffs' constitutional rights.

39.   Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. §1983.

40.   As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his rights under the law and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## <u>COUNT III – DISABILITY-BASED DISCRIMINATION IN VIOLATION</u>
## <u>OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT,</u>
## <u>42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(3), (7)</u>
### *(Against the Kent County)*

41.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42.    Title II of the ADA requires that public entities refrain from discriminating against individuals on the basis of disability.  42 U.S.C. § 12132.  The regulations implementing Title II of the ADA require that public entities avoid unnecessary policies, practices, criteria or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. 28 C.F.R. § 35.130(b)(3). Further, the regulations require that public entities provide reasonable modifications to their policies, practices, or procedures in order to avoid discrimination on the basis of disability.  28 C.F.R. § 35.130(b)(7).  Reasonable modifications include positive behavioral interventions and supports, redirection, de-escalation, crisis intervention, patience, and waiting.

43.    Under these provisions, law enforcement agencies and officers—including Deputy Ysquierdo and Deputy Vickery —may not discriminate on the basis of disability and must provide reasonable modifications as needed during when interacting with persons with disabilities. Law enforcement agencies and officers should expect and anticipate that they will be interacting with persons with disabilities.

10

44.     Persons with disabilities, and particularly Plaintiff, whose disability was readily apparent and visible, are disproportionately vulnerable to and injured by the unnecessary use of restraints, such as those used on Plaintiff, on the basis of their disabilities. The effects on persons with disabilities include substantial and disproportionate physical and emotional injuries.

45.     Instead of interacting appropriately with Plaintiff, and providing reasonable accommodations, Deputy Ysquierdo and Deputy Vickery restrained Matthew using flex ties and hard cuffs and unnecessarily handcuffed him with deliberate indifference.

46.     Based on information and belief, Defendant Kent County has maintained and continues to maintain, with deliberate indifference, a policy and practice of imposing unnecessary mechanical restraints such as handcuffs on persons disabilities, including Plaintiff.  These policies and practices violate Title II of the ADA.

47.     Further, based on information and belief, Defendant Kent County has failed with deliberate indifference to implement the nondiscrimination and reasonable modification requirements of Title II of the ADA through adequate policies, practices, procedures, training, or supervision that take needs of persons with disabilities into account, and instead authorized officers and employees,

including Deputy Ysquierdo and Deputy Vickery, to discriminate against persons with disabilities such as Plaintiff on the basis of disability.

48.     As a proximate result of Defendant Kent County's actions and inactions, Matthew suffered and continues to suffer physical, emotional suffering, psychological injury, and trauma. Matthew continues to experience fear, distrust, and anxiety regarding law enforcement officers.

49.     As a result of Defendant Kent County's violations of Title II of the ADA, Plaintiff is entitled to compensatory damages, declaratory relief, and reasonable attorneys' fees and costs.

## COUNT IV – DISABILITY-BASED DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794, 34 C.F.R. § 104.4(b)(1).
### *(Against Kent County)*

50.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

51.     Section 504 of the Rehabilitation Act requires programs or activities that receive federal financial assistance to refrain from discriminating against individuals on the basis of disability. 29 U.S.C. § 794.  The regulations implementing Section 504 of the Rehabilitation Act require that entities receiving federal financial assistance avoid unnecessary policies, practices, criteria or methods of administration that have the effect of discriminating against persons with disabilities. 28 C.F.R. § 41.51(b)(3)(i).

52.     Based on information and belief, Defendant Kent County has maintained and continues to maintain a policy and practice of imposing unnecessary mechanical restraints on persons with disabilities, including Plaintiff.  These policies and practices violate and continue to violate Section 504 of the Rehabilitation Act.

53.     As a proximate result of Defendant's actions and inactions, Plaintiff suffered and continues to suffer physical and emotional suffering, psychological injury, and trauma. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers.

54.     As a result of Defendant Kent County's violations of Section 504 of the Rehabilitation Act, Plaintiff is entitled to compensatory damages, injunctive and declaratory relief, and reasonable attorneys' fees and costs.

## **DEMAND FOR RELIEF**

Plaintiff requests that this Court:

a.  Assert jurisdiction over this matter;

b.  Enter judgment in favor of Plaintiff and against Defendants;

c.  Enter judgment declaring that the actions and inactions described herein violated the rights of Plaintiff under the U.S. Constitution, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act;

d.  Award Plaintiff compensatory and punitive damages;

e.  Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

f.  Grant other appropriate relief.

Respectfully submitted,

*/s/ Kirstina R. Magyari*
Kirstina R. Magyari (P82775)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: 313-777-7529
Fax:     313-777-5785
Email: kirstie@markolaw.com

Dated: May 20, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MATTHEW JAMES RAZMUS

     Plaintiff,       Hon.

v.

                 Case No.

KENT COUNTY, JACOB VICKERY,
in his individual capacity, and ANTHONY
YSQUIERDO, in his individual capacity,

     Defendants.

---

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
**Attorney for Plaintiff**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 771-5785
kirstie@markolaw.com

---

## JURY DEMAND

  Plaintiff, Matthew Razmus, by and through his attorneys, Marko Law PLLC,

hereby demands a jury trial in this cause.

         Respectfully submitted,

         */s/ Kirstina R. Magyari*
         Kirstina R. Magyari (P82775)
         Jonathan R. Marko (P72450)
         **MARKO LAW, PLLC**
         1300 Broadway Street, Fifth Floor
         Detroit, MI 48226
         Phone: 313-777-7529

Fax:    313-777-5785
Email: kirstie@markolaw.com

Dated: May 20, 2020

### CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I presented the foregoing
paper to this Court's ECF System which will send notification of
such filing to the above listed attorneys of record.

*/s/ Marissa A. Williams*